# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **VINCE ERIC SANDFORD,** | ) |
| **Plaintiff,** | ) |
| v. | ) CIVIL ACTION NO. 5:23-cv-99 (MTT) |
| **3040 LITTLE SANDY LLC,** | ) |
| **Defendant.** | ) |

## ORDER

Before the Court is 3040 Little Sandy LLC's motion to dismiss for insufficient service of process. Doc. 10. In an effort to afford Sandford, who is proceeding *pro se*, adequate notice and time to respond to 3040 Little Sandy LLC's motion, the following notice is given. *See Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985). If Sandford wishes to respond, he must do so no later than **TWENTY-ONE DAYS from the receipt of this Order**.[1]

If Sandford does not timely respond to the motion to dismiss, the Court may dismiss his claims against 3040 Little Sandy LLC. Under the procedures and policies of this Court, motions to dismiss are normally decided on briefs. Sandford may submit his argument to this Court by filing a brief in opposition to 3040 Little Sandy LLC's motion to dismiss. Unless the Court has granted prior permission, any brief should not exceed 20 pages. M.D. Ga. L.R. 7.4.

---

[1] The Clerk is **DIRECTED** to mail a copy of the motion to dismiss and its exhibit (Docs. 10; 10-1) to Sandford at his last known address. Thereafter, all notices or other papers may be served on Sandford directly by mail at his last known address.

The Court evaluates a motion to dismiss based on insufficient service of process using the following standard:

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments*, 553 F.3d 1351, 1360 (11th Cir. 2008) (quoting *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990)). Federal Rule of Civil Procedure 4 states that "domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served" in one of two ways.  Fed. R. Civ. P. 4(h)(1)(A)-(B).  First, a plaintiff can follow "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(l), (h)(l)(A).  Georgia law provides that a corporation may be served "by delivering a copy of the summons attached to a copy of the complaint … to the president or other officer of such corporation, … a managing … or registered agent, … [or] provided that when for any reason service cannot be had in such manner, the Secretary of State shall be an agent of such corporation." O.C.G.A. § 9-11-4(e)(1)(A); *see also Anthony Hill Grading, Inc. v. SBS Invs., LLC*, 297 Ga. App. 728, 731, 678 S.E.2d 174, 177 (2009) ("Plaintiffs may also serve limited liability companies pursuant to O.C.G.A. § 9–11–4(e)(1).").  Second, a plaintiff can deliver "a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B).

-3-

**SO ORDERED**, this 11th day of May, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
